UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON BUTCH JONES,

      Petitioner,

CRIMINAL NO. 01-80571
CIVIL NO. 11-14381

-vs-

HON. JOHN CORBETT O'MEARA

UNITED STATES OF AMERICA,

      Respondent.
_____/

**<u>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE ISSUE AND DENYING PETITIONER'S EXPANDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C § 2255</u>**

Before the court is Petitioner's October 3, 2011 motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence of a person in federal custody. Respondent filed a response on January 24, 2012. Petitioner also filed a motion to expand the issues of breach of plea agreement and violation of the Speedy Trial Act on May 3, 2012. No oral argument was heard on either motion. The court will grant his motion to expand the issues and deny his expanded motion to vacate, set aside, or correct his sentence.

**<u>BACKGROUND FACTS</u>**

On or about July 2, 2001, petitioner Milton Jones was charged with multiple offenses, which included engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a) and (c). On January 5, 2006, Jones pleaded guilty to a second superseding indictment CCE charge pursuant to a Rule 11 plea agreement under the Federal Rules of Criminal Procedure. At the time of the plea, two experienced criminal defense attorneys represented Jones. Attached to the plea agreement were sentencing guideline worksheets indicating that a

base offense level of 47 with a criminal history category of V required a life sentence. The plea agreement also included a cooperation provision that stated the government would recommend a downward departure to 360 months' imprisonment and dismiss the other charges in exchange for substantial assistance in the prosecution of others. Jones and both of his attorneys signed the plea agreement.

At Jones's change-of-plea hearing on January 5, 2006, Jones stated that he was 50 years old and attended school up to tenth grade. He also indicated that he had both federal and state GED's. Jones indicated that he was competent in deciding to plead guilty and understood what was happening. The government advised Jones of the provisions of the plea agreement which included the elements of the offense and an agreed upon guideline range.

During the change-of-plea hearing, Jones testified to selling marijuana with a group of at least five individuals under his direction. The group, known as the "Dog Pound," operated in Detroit from approximately 1995 until 2001. The Dog Pound planned the robberies and kidnappings of other drug dealers. One robbery involved stealing five kilograms of cocaine from a drug dealer. Jones also testified that it was reasonably foreseeable to him for purposes of sentencing guideline calculations that the individuals he directed would commit murder.

On May 12, 2008, Jones was sentenced to 360 months' imprisonment, followed by five years of supervised release. On June 2, 2011, the Sixth Circuit Court of Appeals dismissed Jones's direct appeal based on language contained in the plea agreement. Subsequently, on October 3, 2011, Jones filed this motion to vacate his sentence.

## LAW AND ANALYSIS

Jones lists fourteen different grounds to justify vacating his sentence. He has expanded upon two of the grounds in his supplemental motion.

**I.      Guilty Plea in Violation of the Speedy Trial Act due to Ineffective Counsel**

According to United States v. Gonzalez-Arimont, 268 F.3d 8, 12 (1st Cir. 2001), "a claim under the Speedy Trial Act is a nonjurisdictional defense that is waived with an unconditional guilty plea."

Jones claims that he was allowed to plead guilty in violation of the Speedy Trial Act because his counsel was ineffective. However, Jones did plead guilty; the facts that Jones cites in support of this claim in both his original motion and supplemental motion do not even address the ineffectiveness of his two experienced attorneys. Jones instead focuses on the court's rulings on continuances, making this claim irrelevant.

**II.     Ineffective Counsel Misadvised Preclusion from Appeal**

When the record of the plea hearing reveals that the defendant's "plea was knowing and voluntary," a court need not conduct a hearing if the defendant later challenges the guilty plea in a 28 U.S.C. § 2255 proceeding. Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986).

Here, Jones stated at the plea hearing that he understood the nature of the proceedings and was competent. Plea Tr. at 11. Furthermore, the court informed Jones that he had a right to a speedy and public trial. Id. Despite this, Jones on two separate occasions, both at the pleading and sentencing, indicated that he understood his rights and wished to waive them. Id. at 12. Regardless, this makes the claim that his counsel was ineffective irrelevant, since Jones entered the plea knowingly and voluntarily.

**III.    Constitutionally Ineffective Counsel Regarding Procedural and Substantive Process**

A claim of ineffective counsel is governed by a two-pronged "performance and prejudice" test by the reviewing court. Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel made serious performance errors, violating the defendant's

guarantee of counsel under the Sixth Amendment. Id. at 687. Second, the defendant must show that the deficient performance prejudiced the defense, depriving the defendant of a fair and reliable trial. Id.

Jones claims that his counsel was ineffective because counsel advised him that he could appeal the reasonableness of his sentence despite an appeal waiver provision in the plea agreement. The plea agreement specifically said that if the court does not exceed the top of the range within the agreement, "defendant waives any right he may have to appeal his conviction or sentence." Plea Agreement at 11, ¶ 6. Jones's attorney advised him that the agreement gave him "the right to appeal any sentence that is in excess of 360 months." Plea Tr. 20. The court sentenced him to 360 months. Here, Jones cannot satisfy the prejudice prong under Strickland, 466 U.S. at 687. The court explained the issues; and Jones established that he understood the proceedings, waiving his right to trial by pleading guilty.

**IV.    Mandatory Sentencing Guidelines**

Claims of erroneous application of the guidelines are generally precluded from collateral review unless there is a violation of due process. See Grant v. United States, 72 F.3d 503 (6th Cir. 1996). In Grant, the court said that "nonconstitutional errors, such as mistakes in the application of the sentencing guidelines, will rarely, if ever, warrant relief from the consequences of waiver." Id. at 506. Collateral relief is appropriate only when there is a fundamental unfairness or breakdown of the trial process. Id.

Jones argues that the district court's comments at sentencing demonstrate that the court treated the sentencing guidelines as mandatory as opposed to advisory, but Jones fails to identify anything that supports this claim. There is nothing to suggest that anything was fundamentally unfair. Here the court was mindful of the 18 U.S.C. § 3553(a) sentencing factors, which address

individualized treatment of defendants. Sentencing Tr. 37. The court acknowledged the difficulty in determining an appropriate sentence and even cited cases which addressed the advisory nature of the sentencing guidelines. Id. at 36-37.

## V. **Constitutionally Ineffective Counsel in Preserving Right to Appeal**

This analysis is similar to Jones's claim in Section II. Jones stated at the plea hearing that he understood the nature of the proceedings and was competent. Plea Tr. 11. Furthermore, the district court informed Jones that he had a right to a speedy and public trial. Id. Despite this, Jones on two separate occasions, both at the pleading and sentencing, indicated that he understood his rights and wished to waive them. Id. at 12. Regardless, this makes the claim that his counsel was ineffective irrelevant, since Jones entered the plea knowingly and voluntarily.

## VI. **Failing to Depart for Cooperation**

A court may depart from sentencing guidelines upon motion of the government stating that a defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1. The reason for a reduction may include, but is not limited to, factors such as the significance and usefulness of defendant's assistance, truthfulness, nature and extent of assistance, injury suffered or risk of injury, and timeliness. Id.

Jones states in his motion that the district court did not take into account the full scope of his cooperation, violating his right to due process. To support this allegation, Jones cites the sentencing transcript and states in reference to an Assistant U.S. Attorney with whom he cooperated, "[The efforts that] Mr. Haugabuck is handling have not come to fruition as yet. So it's really nothing that can be taken into consideration." Sentencing Tr. 27. However, this supporting fact does not provide the full context. The full transcript states, "So it's really

nothing that can be taken into consideration, but he did nonetheless cooperate. I was there when Mr. Jones was debriefed by Mr. Haugabuck. He was helpful." Id. This statement established the fact that Jones was in compliance with his plea agreement, which required his continuing cooperation between the time of his plea and the time of sentencing. Jones received the full benefit of his contractual bargain with the government; he received 360 months instead of a life sentence. Additionally, the government dropped the remaining charges and refrained from seeking the death penalty. Id.

## VII. Departure Guidelines

Claims of erroneous application of the guidelines are generally precluded from collateral review unless there is a violation of due process. See Grant, 72 F.3d at 506. In the absence of "highly exceptional circumstances," a defendant is precluded from re-litigating the issues. DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996).

Jones argues that the district court was not aware or did not understand its discretion to make a departure from the guidelines above a level 43 offense. Jones argues that the government erroneously argued to the district court that his offense level was 47. Jones says that an offense level of more than 43 is to be treated as 43. However, the court entered a sealed order overruling these objections on March 31, 2008, following an extensive hearing. Here, there is nothing to suggest that this is a highly exceptional circumstance. Id.

## VIII. Procedural Error in Determining Base Level Offense

This issue is without merit. The district court explained the reasoning behind an offense level of 43 in its sealed order of March 31, 2008, overruling objections to the Presentence Report.

## IX. Correct Edition of the Sentencing Guidelines

First degree murder is a level 43 offense. USSG § 2A1.1. Second degree murder is a level 38 offense. USSG § 2A1.2. A Continuing Criminal Enterprise (CCE) that involves a victim who is killed is governed by USSG § 2D1.1. Amendment No. 684, effective November 1, 2006, amended § 2D1.1(d)(1) to read "apply § 2A1.1 (First Degree Murder) or § 2A1.2 (Second Degree Murder), as appropriate, if the resulting offense level is greater than that determined under this guideline." (emphasis added).

Jones argues that the district court committed reversible error for using the 2001 and not the 2008 edition of the sentencing guidelines because of Amendment No. 684. However, this is based on a misreading of Amendment No. 684. The Amendment preserves the distinction between first and second degree murder for sentencing purposes. Jones accepted responsibility for the intentional murders of two individuals as being reasonable consequences of acts committed by others acting under his direction for sentencing guidelines purposes. Plea Tr. 25-26. Here a level 43 offense is appropriate for sentence calculation.

## X. Numerous Errors in Calculating Sentencing Guidelines.

Claims of erroneous application of the guidelines are generally precluded from collateral review unless there is a violation of due process. See Grant, 72 F.3d at 506. In the absence of "highly exceptional circumstances," a defendant is precluded from re-litigating the issues. DuPont, 76 F.3d at 110.

Jones argues that the district court made numerous errors in calculating his base offense level, similar to his argument in Section VII. However, the court entered a sealed order overruling these objections on March 31, 2008, following an extensive hearing. Here, there is nothing to suggest that this is a highly exceptional circumstance. Id.

## XI. Breach of Plea Agreement

Unless a prosecutor refuses to file a substantial-assistance motion because of unconstitutional considerations such as race or religion, a challenge cannot be sustained. See Wade v. United States, 504 U.S. 181, 186 (1992).

Jones argues that the government breached the plea agreement by failing to consider his cooperation during and after sentencing. This issue is identical to Section VI. Jones has made no showing of an unconstitutional consideration.

## XII. Cocaine Distribution

In the absence of "highly exceptional circumstances," a defendant is precluded from re-litigating the issues. DuPont, 76 F.3d at 110.

Jones argues that the district court should not have considered five kilograms of cocaine as relevant conduct because he took responsibility only for marijuana in the CCE. Jones's challenges to the computation of the sentencing guidelines have already been the subject of appellate review. United States v. Jones, No., 08-1658 at 10-12. Jones testified that he directed the activities of several others in the "Dog Pound." Plea Tr. 24-25. One occasion involved a robbery of five kilograms of cocaine from rival drug dealers. Id. Jones conceded this activity was reasonably foreseeable and is appropriate for sentencing guidelines purposes. Id. Therefore, it was appropriate to consider cocaine for sentencing purposes.

## XIII. Individualized Conspiracy Findings

Jones argues that the district court failed to make individualized findings for each member of the conspiracy regarding the scope of the conspiracy. Jones accepted as reasonably foreseeable the actions of others whom he directed in criminal activity. Id. This claim is without merit.

**XIV. Improper Calculation of Criminal History**

A presentence report must calculate the defendant's offense level and criminal history category. Fed R. Crim. P. 32.

Jones argues that the district court improperly calculated his criminal history by including a prior 1975 state court conviction, adding two points for Jones's commission of the offense while on supervised release, adding a 2 level increase for restraint of a victim, and using the disputed information without making the requisite findings under Rule 32. However, on March 31, 2008, the district court entered a sealed Opinion and Order Addressing Defendant's Objections to the Presentence Report, which included the court's findings regarding the disputed portions. The court therefore complied with the provisions of Rule 32.

## ORDER

It is hereby **ORDERED** that Petitioner's motion to expand the issues is **GRANTED**. It is further **ORDERED** that Petitioner's motion and expanded motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 are **DENIED**.

Date: August 14, 2012                     s/John Corbett O'Meara
                                          United States District Judge

I hereby certify that on August 14, 2012 a copy of this order was served upon the parties of record using the ECF system and/or by first-class U.S. mail.

                                          s/William Barkholz
                                          Case Manager